UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BRENT CRUCETA,

                Plaintiff,

-against-

THE CITY OF NEW YORK, JASON GUZMAN, JOHN DOE, and RICHARD ROE,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 10-CV-5059 (FB) (JO)

*Appearances:*
*For the Plaintiff:*
LURIE DANIEL FAVORS, ESQ.
Daniel Favors Law Group P.C.
304 Park Avenue South, 11th Floor
New York, NY 10010
ROBERT M. QUACKENBUSH, ESQ.
Law Office of Rankin and Taylor
350 Broadway, Suite 700
New York, NY 10013
*For the Defendants:*
MARK D. ZUCKERMAN, ESQ.
New York City Law Department
100 Church Street
New York, NY 10007

**BLOCK, Senior District Judge:**

        On February 24, 2012, Magistrate Judge James Orenstein issued a Report and Recommendation ("R&R") recommending that the court award attorneys' fees to plaintiff Brent Cruceta in the total amount of $21,598. In addition to $12,500 for the work of three attorneys at Rankin & Taylor, LLP to which the parties have already agreed, that amount includes $4,275 for the work of attorney Lurie Daniel Favors prior to the plaintiff's

1

acceptance of the defendants' offer of judgment, $1,387.50 for her work on the fee petition, and $3,435.50 for the Rankin & Taylor firm's work on the fee petition. *See* R&R at 14. The R&R also stated that the parties' failure to object within fourteen days of receiving the R&R would preclude appellate review. *See id.* According to the docket, all parties received electronic notice of the R&R on the date it was filed. To date, no objections have been filed.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); no such error appears here. Accordingly, the Court adopts the R&R without *de novo* review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

\_\_/s/_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
July 13, 2012